1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GEORGE SPITTAL,                    No.  CIV.S-06-0655 WBS DAD PS

12          Plaintiff,

13      v.                             FINDINGS AND RECOMMENDATIONS

14  ROXANNE FINDLAY, et al.,

15          Defendants.

16  _____/

17          This matter is before the court on defendants' motions to

18  dismiss plaintiff's complaint pursuant to Federal Rule of Civil

19  Procedure 12(b)(6).  The motion was taken under submission without

20  oral argument pursuant to Local Rule 78-230(h).  Plaintiff has not

21  filed opposition despite having been served with the motions.

22          Local Rule 78-230(c) provides that opposition to the

23  granting of a motion must be filed fourteen days preceding the

24  noticed hearing date.  The Rule further provides that "[n]o party

25  will be entitled to be heard in opposition to a motion at oral

26  arguments if opposition to the motion has not been timely filed by

1

1  that party."  Local Rule 11-110 provides that failure to comply with

2  the Local Rules "may be grounds for imposition by the Court of any

3  and all sanctions authorized by statute or Rule or within the

4  inherent power of the Court."  Finally, Local Rule 83-183, governing

5  persons appearing in propria persona, provides that persons

6  representing themselves are bound by the Federal Rules and the Local

7  Rules and failure to comply therewith may be grounds for dismissal,

8  judgment by default, or other appropriate sanction.

9      Pursuant to the local rules, the court deems plaintiff's

10  failure to file an opposition as a non-opposition to the pending

11  motions and will recommend that the motions be granted on that basis.

12  Failure to follow a district court's local rules is proper grounds

13  for dismissal.  United States v. Warren, 601 F.2d 471, 474 (9th Cir.

14  1979).  A court may dismiss an action for plaintiff's failure to

15  oppose a motion to dismiss, where the applicable local rule

16  determines that failure to oppose a motion may be deemed a waiver of

17  opposition.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995);

18  cf. Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir.

19  1993) (motion for summary judgment cannot be granted simply as a

20  sanction for a local rules violation).

21      The undersigned also will recommend that defendants'

22  motions be granted on the merits.  Plaintiff's complaint is partially

23  typed, partially handwritten and in places illegible.  The

24  discernible allegations are vague and conclusory.  The court has

25  determined that the complaint does not contain a short and plain

26  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the

1   Federal Rules adopt a flexible pleading policy, a complaint must give

2   fair notice and state the elements of the claim plainly and

3   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

4   Cir. 1984).  Plaintiff must allege with at least some degree of

5   particularity overt acts which defendants engaged in that support

6   plaintiff's claim.  Id.  The complaint fails to meet these

7   requirements.  Indeed, the complaint appears to be merely another

8   attempt by plaintiff to harass the Sacramento City Unified School

9   District and its employees as a result of various inequities

10  perceived by plaintiff who has worked as a substitute teacher at

11  SCUSD.  Thus, the court finds that the complaint's vague allegations

12  do not amount to a short plain statement of a claim showing that

13  plaintiff is entitled to relief or set forth any factual allegations

14  giving rise to federal jurisdiction.  See Fed. R. Civ. P. 8(a)(1),

15  (2).

16      Finally, the court is persuaded by defendants' argument

17  that this action simply is an attempt to circumvent the March 24,

18  2006, order of Magistrate Judge Gregory G. Hollows in Spittal v.

19  Apel, No. CIV.S-05-2042 FCD GGH PS.  That order, which issued just

20  five days before plaintiff initiated this action, dismissed a similar

21  complaint without leave to amend and directed plaintiff to show cause

22  in writing why he should not be declared a vexatious litigant.

23  Plaintiff ultimately was declared a vexatious litigant and is now

24  subject to pre-filing restrictions.

25      For all of these reasons, defendants' motions should be

26  granted and plaintiff's complaint must be dismissed.  The court has

3

considered whether leave to amend should be granted but plaintiff's

litigation history in this court speaks for itself.  Leave to amend

would be futile.  <u>See</u> <u>Reddy v. Litton Industries, Inc.</u>, 912 F.2d 291,

296 (9th Cir. 1990); <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829

F.2d 729, 738 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that defendants'

motions to dismiss be granted and that plaintiff's complaint be

dismissed with prejudice.

These findings and recommendations are submitted to the

United States District Judge assigned to the case, pursuant to the

provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

being served with these findings and recommendations, any party may

file written objections with the court.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and

Recommendations."  The parties are advised that failure to file

objections within the specified time may waive the right to appeal

the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

Cir. 1991).

DATED: November 27, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\spitta10655.f&r

4